UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00010-KDB-DSC

| CHRISTOPHER DWAYNE JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LOCAL GOVERNMENT FEDERAL CREDIT UNION, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Pro Se Complaint, filed under 15 U.S.C. §§ 1605(a)(5), 1667(5), 1611(1)(3), and 1640(a)(1)(A)(i). [Doc. 5]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 3].

I.  BACKGROUND

On February 2, 2022, Pro Se Plaintiff Christopher Dwayne Johnson ("Plaintiff") filed a Complaint under the Consumer Credit Protection Act ("CPPA"), 15 U.S.C., Chapter 41, including The Truth in Lending Act, 15 U.S.C. § 1601, et seq., ("TILA"), against Defendant Local Government Federal Credit Union ("Defendant"). [Doc. 1]. Plaintiff asserts federal question jurisdiction under 15 U.S.C. §§ 1605, 1611, 1635, and 1640. [Id. at 3]. Plaintiff sought, pursuant to 15 U.S.C. § 1635, to rescind the Security Interest in the Nissan Altima, claiming that he is "no longer liable for any amount as well as finance charge" because Defendant failed to disclose the "**full** finance charge as defined in **15 U.S. Code § 1605**" by not giving Plaintiff the option to include insurance in the finance charge. [Doc. 1-1 at 9-10 (errors and emphasis in original); Doc. 1 at 7]. Plaintiff also claimed that the "consumer credit contract" is "null and void" because it did

not include language required by 16 C.F.R. § 433.2(a).  Plaintiff requested no particular relief other than rescission of the Note to include termination of Defendant's security interest in the motor vehicle and Plaintiff's release from payments under the Note.  [Doc. 1-1 at 9; see Doc. 1 at 4].  The Court granted Plaintiff's motion to proceed in forma pauperis but found that Plaintiff had failed to state a claim upon which relief could be granted for the reasons stated in the Court's Order.  [Doc. 3].  The Court, however, allowed Plaintiff 30 days to amend his Complaint to state a claim for relief.  [Id. at 5].  Plaintiff timely filed an Amended Complaint, which is before the Court now for initial screening.

Plaintiff now alleges the following.  On October 4, 2019, he contracted with Defendant for Defendant to finance a 2015 Nissan Altima for a five-year term.  Defendant and loan officer Dustin Laney failed to disclose to Plaintiff that "the car insurance premium was included in the finance charge pursuant to **15 U.S. Code § 1605(a)(5)** when signing the TRUTH IN LENDING DISCLOSURE & SECURITY AGREEMENT PROMISSORY NOTE ("Agreement") breaching the contract."  Defendant and Laney also failed to disclose that the Plaintiff gave Defendant "a security interest Pursuant to **15 U.S. Code § 1667** securing **all** payments of the obligation therefore, breaching the contract."  [Id. at 5-6 (emphases in original)].  Plaintiff attaches a copy of the Agreement, including the "Additional Terms" thereto, to his Amended Complaint.  [Doc. 5-1 at 1-3].  These Terms include, *inter alia*, the following:

> 1. **PAYMENTS/FINANCE CHARGES**: For value received, I promise to pay to your order at your office, all monies advanced to me under this Note including original principal balance, **accrued charges for optional credit insurance premiums (if any)**, agreed finance charges on the unpaid principal balance, computed at the Contract Rate stated on the front of this Note, late charges, costs of collection, and attorneys' fees of 15% of the total amount owed including finance charges, premiums and other unpaid charges together with court costs and expenses….

2

> 4. **SECURITY INTEREST**: To secure payment of this loan, I grant to you a security interest in the property described on the front side in the box marked "Security Description" (the "Secured Property").

[Doc. 5-1 at 3 (emphasis added)]. The "Security Description" box states that, "this note is secured by a general pledge of shares [and/or deposits in Defendant Credit Union] … and a security interest" in the 2015 Nissan Altima, identifying it by its vehicle identification number. [Id. at 1]. Plaintiff further alleges that, "[a]s a direct and proximate result" of the failures to disclose, "[Plaintiff] gave [Defendant] a security interest securing the obligation for said loan but has been paying for car insurance since October 04 2019 until now." [Doc. 5 at 6]. Plaintiff seeks $1.5 million in damages for "mental anguish." [Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

Accepting the Plaintiff's allegations as true and making all reasonable inferences in his favor, the Court finds that Plaintiff has again failed to state a claim for relief against Defendant.

3

Title 15, Section 1605 defines "finance charge" for consumer credit transactions and provides that "the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605(a). It further provides that examples of charges which are included in the finance charge include, *inter alia*, "premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss." 15 U.S.C. § 1605(a)(5). Plaintiff claims that Defendant breached the Agreement by failing to disclose, pursuant to this provision, that "car insurance" was included in the finance charge. Section 1605(a)(5), however, relates to credit insurance protecting Defendant against credit loss, not to car insurance. And, as contemplated by Section 1605 (a)(5), the Agreement explicitly allows Defendant to obtain – and include as a finance charge – credit insurance premiums. This provision does not relate to nor provide relief for Plaintiff's claim on this issue. Plaintiff has failed to state a claim for relief.

Plaintiff also claims that Defendant failed to disclose that he was giving a security interest pursuant to 15 U.S.C. § 1667 securing all payments under the Agreement. This claim is plainly contradicted by the Agreement. As noted, the Agreement explicitly states that the loan was secured by a security interest in the Nissan Altima and Plaintiff's shares and/or deposits in Defendant Credit Union. The Court, therefore, will dismiss this claim on initial review as frivolous.

**IV.     CONCLUSION**

The Court will dismiss Plaintiff's Amended Complaint on initial review for failure to state a claim for relief and as frivolous, in accordance with this Order, under 28 U.S.C. § 1915(e)(2). Because Plaintiff again fails to state a claim for relief after having been afforded the opportunity to amend his complaint, the Court will dismiss Plaintiff's Amended Complaint with prejudice. See

Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 5] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

Signed: April 26, 2022

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge